UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| JONATHAN DAVID HAMBLIN,<br><br>    Petitioner,<br><br>v.<br><br>JASON WILSON,<br><br>    Respondent. | Civil Action No. 6: 23-CV-018-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jonathan Hamblin is a pretrial detainee currently confined at the Whitley County Detention Center in Williamsburg, Kentucky. Proceeding without a lawyer, Hamblin recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* [R. 1]. That pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Hamblin's petition without prejudice to his right to pursue his claims in state court.

In September of 2022, Hamblin was indicted in Whitley County Circuit Court, charged with one count of possessing a controlled substance (methamphetamine), in violation of Kentucky state law. *See Commonwealth v. Jonathan Hamblin*, No. 22-CR-00262 (Whitley Cir. Ct. 2022).[1] During the course of Hamblin's criminal case, which remains ongoing, he allegedly failed a drug test, and, thus, the trial court held him in contempt and ordered that he be remanded into custody. *See id.* Although Hamblin's case continues to proceed, and he is scheduled to enter a plea in state court on March 14, 2023, he has now filed a § 2241 petition with this Court. [R. 1]. Hamblin's

---

[1] The Court takes judicial notice of the docket in Hamblin's state criminal case, which is available at htts://kcoj.kycourts.net/CourtNet.

pleading is difficult to follow, but he clearly takes exception to the state trial court's decision to hold him in "contempt of court over a drug urinalysis test" administered by law enforcement officials in Whitley County. *Id.* at 4. Hamblin asks this Court to order his release from state custody. *See id.* at 8.

The Court has reviewed Hamblin's submission but will deny his request without prejudice to his right to pursue his claims in state court. While a state pretrial detainee may file a § 2241 petition to try and challenge matters related to his underlying criminal case, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the circumstances under which he may do so are rare; indeed, "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). In fact, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus, the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.* (citations omitted). *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging that while federal courts have the authority to consider a habeas corpus petition related to an ongoing state matter, "considerations of federalism counsel strongly against exercising [that] power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Moreover, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (recognizing that exhaustion of state remedies is generally required).

Here, while Hamblin takes exception to the state trial court's decision to hold him in contempt and remand him into custody based on the results of a recent drug test, there is no indication that he lodged his objection or otherwise raised this issue directly with the trial court. There is also no indication in either Hamblin's present pleading or the underlying state record that Hamblin is pursuing this matter with the Kentucky Court of Appeals or the Kentucky Supreme Court. In short, Hamblin has not exhausted his state court remedies with respect to his claims. And there is certainly nothing in Hamblin's petition that suggests the existence of the kind of "special circumstances" that would justify this Court's extraordinary intervention into his ongoing state criminal case.

Accordingly, the Court **ORDERS** as follows:

1. Hamblin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED WITHOUT PREJUDICE** to his right to pursue his claims in state court.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 9th day of February, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY